IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOUGLAS MCGREW,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**QUAUY TRAN,**<br><br>            **Defendant.** | Case No. 24-cv-00232-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Douglas McGrew, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for the violation of his constitutional rights. Plaintiff seeks monetary damages and preliminary and permanent injunctive relief. Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on May 5, 2023, he sent a request to be seen by a dentist because he was having tooth pain. Plaintiff saw Dentist Dr. Tran, who took an x-ray and determined that Plaintiff needed his upper left wisdom tooth extracted. On May 17, 2023, Dr. Tran numbed Plaintiff's gums and attempted to extract his wisdom tooth but unsuccessfully. Plaintiff states that Dr. Tran broke his tooth three times, and he left the appointment with his tooth not extracted.

Plaintiff was rescheduled for another appointment and given 600 mg of ibuprofen and 500 mg of amoxicillin.

On May 24, 2023, Plaintiff returned to the dental department for his second appointment. Dr. Tran was again unable to extract Plaintiff's tooth. Dr. Tran broke Plaintiff's tooth three more time during this appointment. Dr. Tran told Plaintiff that he would have to refer Plaintiff to an outside oral surgeon on a medical emergency furlough to have his tooth extracted.

Based on Plaintiff's exhibits, as of filing this Complaint on February 1, 2024, Plaintiff has still not been to see an oral surgeon or had follow-up appointments with an onsite dentist. He remains in excruciating pain.

Based on Plaintiff's allegations, the Court designates the following count:

**Count 1:** Eighth Amendment claim of deliberate indifference against Dr. Tran.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## DISCUSSION

At this stage, Plaintiff has stated a viable claim against Dr. Tran for deliberate indifference to his serious medical needs. Count 1 will proceed.

In the Complaint, Plaintiff states that he is requesting permanent and injunctive relief. He asks that Dr. Tran be directed to attend properly to those who need dental care. The Court assumes that this request for proper dental care includes Plaintiff, who still has not seen an oral surgeon after two failed attempts to extract his wisdom tooth over eight months ago. Plaintiff's delayed

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

care is concerning. Therefore, although Plaintiff has not filed a separate motion for emergency injunctive relief and his filing fee status is still pending, the Court will move forward with this case. The Clerk of Court will be directed to rename the pleading at Doc. 1 as follows: Complaint and Motion for Preliminary Injunction filed by Douglas McGrew. The Clerk will further be directed to add the Warden of Big Muddy River Correctional Center as a defendant, in his or her official capacity only, for the purpose of responding to the motion for preliminary injunction and implementing any injunctive relief that may be ordered. The Court will defer ruling on the motion for preliminary injunction, and the Warden of Big Muddy River Correctional Center will be directed to respond to the motion within 14 days of service.

### MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion seeking court recruited counsel (Doc. 3), which is **DENIED.**[2] Along with his motion, Plaintiff has included letters from several law firms declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Plaintiff states that he has no understanding of law. Plaintiff's limited knowledge of the law, however, is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel at this time. Plaintiff has already prepared a Complaint that survived screening and has demonstrated an ability to construct coherent sentences and relay information to the Court. He also states he has some college education. This straightforward case is currently proceeding on a single claim and given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. Should his situation change as the case proceeds, Plaintiff may file another motion setting forth all facts that support his request for relief.

---

[2] In evaluating Plaintiff's motion, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**DISPOSITION**

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. Count 1 will proceed against Quauy Tran.

The Clerk of Court is **DIRECTED** to **RENAME** the pleading at Doc. 1 as follows: Complaint and Motion for Preliminary Injunction filed by Douglas McGrew. The Court **DEFERS** ruling on the request for preliminary injunction. The Clerk **SHALL ADD** the Warden of Big Muddy River Correctional Center as a defendant in his or her official capacity only for the purpose of responding to the motion for preliminary injunction and implementing any injunctive relief that may be ordered. **The Warden SHALL respond to the motion for preliminary injunction within 14 days of service.**

The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Tran and the Warden of Big Muddy River Correctional Center the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 7, 2024**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.