IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS MCGREW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-232-RJD |
| | ) |
| QUAUY TRAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motions for Preliminary Injunction (Doc. 1 & Doc. 14). For the reasons set forth below, Plaintiff's motions are **DENIED as moot**.

### Background

Plaintiff Douglas McGrew, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy River"), brings this civil action pursuant to 42 U.S.C. §1983 for the violation of his constitutional rights. Plaintiff seeks monetary damages and preliminary and permanent injunctive relief. Following threshold screening, Plaintiff is currently proceeding on an Eighth Amendment claim of deliberate indifference against Dr. Tran. (Doc. 7). The Warden of Big Muddy River was added to the Complaint for the purposes of responding to Plaintiff's motions for preliminary injunction and implementing any injunctive relief that may be ordered. (*Id.*).

Plaintiff alleges that on May 5, 2023, he sent a request to be seen by a dentist because he was having tooth pain. (Doc. 7). Plaintiff saw Dentist Dr. Tran, who took an x-ray and determined that Plaintiff needed his upper left wisdom tooth extracted. (*Id.*). On May 17, 2023, Dr. Tran numbed Plaintiff's gums and attempted to extract his wisdom tooth but was unsuccessful.

(*Id.*).  Plaintiff states that Dr. Tran broke his tooth three times, and he left the appointment with his tooth not extracted.  (*Id.*).  He was rescheduled for another appointment and given 600 mg of ibuprofen and 500 mg of amoxicillin.  (*Id.*).  On May 24, 2023, Plaintiff returned to the dental department for his second appointment.  (*Id.*).  Dr. Tran was again unable to extract Plaintiff's tooth.  (*Id.*).  Dr. Tran broke Plaintiff's tooth three more times during this appointment.  (*Id.*).  Dr. Tran told Plaintiff that he would have to refer Plaintiff to an outside oral surgeon on a medical emergency furlough to have his tooth extracted.  (*Id.*).

Plaintiff requested injunctive relief so that Dr. Tran be directed to attend properly to those who need dental care and that Plaintiff be sent to an oral surgeon to have his tooth extracted. (Doc. 14).  Plaintiff alleged in his motion that he had not seen an oral surgeon since the two failed attempts to extract his wisdom tooth.  (*Id.*).  He attached to his motion a memorandum by Defendant Kimberly Hvarre, Big Muddy River's Day to Day Warden, dated January 18, 2024, in which she indicates that a referral was made to an outside dentist on May 24, 2023.  (Doc. 1 at 32).  The dentist assessed Plaintiff on October 12, 2023, and recommended tooth extraction. (*Id.*).  However, that dentist was no longer accepting individuals in custody as clients.  (*Id.*). Another provider was contacted, and at the time of that memorandum, Big Muddy River was awaiting scheduling the service.  (*Id.*).

Defendant filed their response to Plaintiff's motion, arguing that Plaintiff has not satisfied the requirements for obtaining injunctive relief.  (Doc. 18).  Plaintiff filed a reply in support of his motions urging for his oral surgery to be scheduled to prevent a serious risk of infection.  (Doc. 28).

On June 17, 2024, a hearing was held on Plaintiff's motions for injunctive relief.    Plaintiff testified that in May 2023, he sent a request to be seen by a dentist because he was having tooth pain.  On May 17, 2023, Plaintiff saw Dr. Tran, who attempted to extract his wisdom tooth but was unsuccessful and broke Plaintiff's wisdom tooth.  Plaintiff saw Dr. Tran again on May 24,

2023, at which time Dr. Tran was again unable to extract Plaintiff's wisdom tooth and broke it again. (*Id.*). Plaintiff complained that for nine months since Dr. Tran's two attempts to extract his tooth, Plaintiff had not received any dental treatment despite his requests. Plaintiff testified that he was evaluated by an outside dentist in the Mt. Vernon area on or about October 23, 2023. In March 2024, Plaintiff had an appointment with a medical professional at Mercy Hospital in St. Louis, at which time his tooth was extracted. Plaintiff admitted that after his tooth was extracted, his requests for preliminary injunctive relief have been resolved.

## Analysis

To obtain a preliminary injunction, a moving plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000). Additionally, in the context of a prisoner unit, the scope of any preliminary injunction is governed by the Prison Litigation Reform Act ("PLRA"). *See* U.S.C.A. § 3626(a)(2). Federal courts accord wide-ranging deference to correctional officials on the questions of penal operations and policies. *Whirl v. Albers*, 475 U.S. 312 (1986).

Further, the Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued" since they require the court to command a defendant to take a particular action. *Id*. (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)); *see also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

Based upon the record before the Court, Plaintiff's motions for preliminary injunction are moot. Plaintiff requested a preliminary injunction so that he could be seen by an outside oral surgeon and have his wisdom tooth properly extracted and treated. Based on the evidentiary hearing, Plaintiff saw a medical professional in March 2024 and had his wisdom tooth extracted, which resolved his medical emergency relating to his motions for preliminary injunction. Because a Court order directing that Plaintiff receive immediate treatment for his wisdom tooth offers Plaintiff no relief, his Motions for Preliminary Injunction (Doc. 1 & Doc. 14) are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: June 17, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**