IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOUGLAS MCGREW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-232-RJD |
| | ) |
| **QUAUY TRAN,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Status (Doc. 41) and Defendant's Motion to Strike (Doc. 46) and Motion for Extension of Time (Doc. 47). For the reasons set forth below, Plaintiff's Motion for Status (Doc. 41) is **GRANTED.** Defendant's Motion to Strike (Doc. 46) is **DENIED**, and his Motion for Extension of Time (Doc. 47) is **GRANTED in part and DENIED in part**.

### Background

Plaintiff Douglas McGrew, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy River"), brought this civil action under 42 U.S.C. §1983 for the violation of his constitutional rights. Following threshold screening, Plaintiff was allowed to proceed on an Eighth Amendment claim of deliberate indifference against Dr. Tran. Doc. 7.

Under the Scheduling and Discovery Order, dispositive motions in this case were due September 2, 2025. Doc. 38. On that day, Defendant filed his Motion for Summary Judgment and his supportive memorandum. Docs. 42 & 43. Plaintiff's response was due October 2, 2025. SDIL-LR 7.1(b)(1)(A). On September 18, 2025, Plaintiff filed a document titled Memorandum

in Support of Motion for Summary Judgment.  Doc. 45.  On October 7, 2027, Defendant filed the Motion to Strike Plaintiff's Motion for Summary Judgment, arguing that Plaintiff's motion was filed after the September 2, 2025, dispositive motions deadline.  Doc. 46.  Plaintiff did not respond.  On October 17, 2025, Defendant filed a motion asking for a 14-day extension to respond to Plaintiff's Memorandum in Support of Motion for Summary Judgment should the Court deny his motion to strike it as untimely.  Doc. 47.

The Court agrees that should Plaintiff's Memorandum in Support of Motion for Summary Judgment be deemed a cross-motion for summary judgment, it would have to be stricken as untimely.  Plaintiff neither filed that document by the September 2, 2025, dispositive motions deadline nor sought an extension of time to do so.  However, Plaintiff's Memorandum in Support of Motion for Summary Judgment is more akin to a response to Defendant's motion for summary judgment, as Plaintiff specifically responds therein to Defendant's statement of facts.  Doc. 45, pp. 3-4.  Accordingly, the Court construes Plaintiff's Memorandum in Support of Motion for Summary Judgment (Doc. 45) as a response to Defendant's Motion for Summary Judgment (Doc. 42).  Because Plaintiff's Memorandum in Support of Motion for Summary Judgment (Doc. 45) was filed within 30-days from Defendant's motion for summary judgment, the Court will consider it in ruling on the latter.  Accordingly, Defendant's Motion to Strike is **DENIED**.

Defendant's Motion for Extension of Time (Doc. 47) is **GRANTED in part and DENIED in part**.  While Defendant's request to file a response to Plaintiff's motion for summary judgment is rendered moot, Defendant is still entitled to file a reply in support of his motion for summary judgment to the extent that Plaintiff's memorandum contains a statement of additional material facts.  SDIL-LR 7.1(b)(1)(B) & 56.1(d) ("Reply briefs, if any, shall be filed within 14 days of the service of a response.").  Plaintiff's reply, if any, should comply with Federal Rule of Civil Procedure 56 and Local Rules 7.1 and 56.1 and is due **November 3, 2025**.

Plaintiff's Motion for Status (Doc. 41) is **GRANTED**.  Plaintiff is advised that the Court

will consider Defendant's Motion for Summary Judgment, including Plaintiff's response and any reply by Defendant, after November 3, 2025.  Plaintiff may not file a sur-reply in opposition to Defendant's motion for summary judgment.  SDIL-LR 7.1(a)(4) ("Under no circumstances will sur-reply briefs be accepted.").  If Defendant's motion is granted, the case will be dismissed.  If the motion is denied, the case will proceed to trial.  This case is currently set for a jury trial on June 9, 2026, at 9:00 a.m. at the Benton Courthouse before Magistrate Judge Reona J. Daly.  Doc. 38.

## Conclusion

For these reasons, Plaintiff's Motion for Status (Doc. 41) is **GRANTED.**  Defendant's Motion to Strike (Doc. 46) is **DENIED**, and the Motion for Extension of Time (Doc. 47) is **GRANTED in part and DENIED in part**.  Defendant's reply brief in support of his motion for summary judgment, if any, is due **November 3, 2025**.

**IT IS SO ORDERED.**

**DATED: October 20, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**